IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FELIX OSIA, et al. :

    v. : Civil Action No. DKC 15-1200

RENT-A-CENTER, INC. :

**MEMORANDUM OPINION**

    Defendant, Rent-a-Center, Inc., removed this action from the Circuit Court for Prince George's County, on the basis of diversity jurisdiction. The complaint, brought by Felix Osia, individually, and as parent and next friend for J.O., a minor, and Wendolyn McCaine, also individually, and as parent and next friend for D.M, a minor, seeks $30,000 in damages for each of the four individuals, because of an alleged bed bug infestation in a couch obtained from Defendant. (*See* ECF No. 3). The complaint asserts four counts of product liability and breach of contract by each individual Plaintiff. The notice of removal filed by Defendant recited that the amount in controversy was met by aggregation of the amounts sought by each plaintiff for a total sum of $120,000. (ECF No. 1, at 3).

    Plaintiffs have moved to remand the action, contending that the individual claims may not be aggregated to provide the requisite jurisdictional amount. (ECF No. 10). Apparently

abandoning the aggregation argument, Defendant now contends that, despite the $30,000 claim in the complaint, each plaintiff's claim is in reality larger and it cites to jury awards in other cases that exceed the $75,000 threshold and the fact that Plaintiffs initially identified their damages as exceeding $100,000 in their Civil-Non-Domestic Case Information Report filed in the Circuit Court for Prince George's County. (*See* ECF No. 12, at 3; ECF No. 12-1).

What is sorely missing from the motion papers is much citation to authority, either statutory, rule, or case law based.  Under 28 U.S.C. § 1441, a case may be removed if the district court has original jurisdiction.  Diversity jurisdiction requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1).  Judge Hollander explained in *Jackson v. Johnson*, Civ. Action No. ELH-14-00011, 2014 WL 689390, at *3 (D.Md Feb. 20, 2014):

> In order to establish the amount in controversy for purposes of diversity jurisdiction, "the sum claimed by plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *accord Choice Hotels Intern., Inc. v. Shiv Hospitality, L.L.C.*, 491 F.3d 171, 176 (4th Cir. 2007) ("The black letter rule 'has long

>been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in 'good faith'") (*quoting Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961)); . . . Indeed, "the Supreme Court has held that a plaintiff with a claim potentially exceeding $75,000 'may resort to the expedient of suing for less than the jurisdictional amount, and though [the plaintiff] would justly be entitled to more, the defendant cannot remove.'" *Mary L. Martin, Ltd. v. State Auto Property and Cas. Ins. Co.*, 2013 WL 2181206, at *2 (D.Md. May 17, 2013) (quo*ting St. Paul Mercury Indem. Co.*, 303 U.S. at 294).

Neither party acknowledges that Congress amended the procedure for removing certain civil actions effective January 6, 2012. As amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), Pub.L.No. 112-63, § 103(b), 28 U.S.C. § 1446(c)(2) sets out the procedural requirements for removal based on diversity jurisdiction:

>(2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
>(A) the notice of removal may assert the amount in controversy if the initial pleading seeks --
>
>(i) nonmonetary relief; or

3

> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

*See Butler v. Target Corp.*, No. 12-4092-SAC, 2012 WL 5362974, at *2 (D.Kan. Oct. 31, 2012) ("The JVCA establishes now for removal purposes that the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, subject to certain exceptions." (internal quotation marks omitted)). The party invoking federal jurisdiction – here, Defendant – has the burden of demonstrating by competent proof that the amount-in-controversy requirement is met. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). The JVCA's legislative history provides the rationale behind the changes in § 1446(c)(2):

> Section 103(b)(3)(C) of the bill further amends subsection 1446(c) by inserting two new paragraphs, (2) and (3), to address issues relating to uncertainty of the amount in controversy when removal is sought, e.g., when state practice either does not require or permit the plaintiff to assert a sum claim or allow the plaintiff to recover more than an amount asserted.

4

> Although current practice allows defendants to claim that the jurisdictional amount is satisfied and remove, several issues complicate this practice.
>
> First, circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. *The "sum claimed" and "legal certainty" standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound it.* Second, many defendants faced with uncertainty regarding the amount in controversy remove immediately – rather than waiting until future developments provided needed clarification – out of a concern that waiting and removing later will result in the removal's being deemed untimely. . . .
>
> Proposed new paragraph 1446(c)(2) allows a defendant to assert an amount in controversy in the notice of removal if the initial pleading seeks non-monetary relief or a money judgment, *in instances where the state practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded.* The removal will succeed if the district court finds by a preponderance of the evidence that the amount in controversy exceeds the amount specified in 28 U.S.C. § 1332(a), presently $75,000.

*Report to the Committee on the Judiciary of the United States House of Representatives* § 103, at 15, H.R. 112-10 (2011) (emphases added).

The first issue then is whether any exception in 28 U.S.C. § 1446(c)(2) applies which allows Defendant to assert a different amount in controversy in the notice of removal than what Plaintiffs demanded in the complaint. Here, the complaint asserts damages in the amount of $30,000 by each Plaintiff for each respective claim. Defendant stated in the notice of removal that the "amount in controversy" requirement is met for purposes of diversity jurisdiction because the *total* damages requested actually is $120,000. (ECF No. 1, at 3). Plaintiffs are correct, however, that the amount in controversy cannot be met by adding the claims of the individual Plaintiffs. "Separate and distinct claims, regardless of whether they share a community of interest or originate in a single transaction or event, may not be aggregated to satisfy the jurisdictional amount-in-controversy requirement." *Georgiades v. Martin-Trigona*, 729 F.2d 831, 833 (D.C.Cir. 1984); *Compton v. Alpha Kappa Alpha Sorority, Inc.*, ---F.Supp.3d----, 2014 WL 3930458, at *7 (D.D.C. Aug. 12, 2014) ("As a result, the separate and distinct claims of two or more plaintiffs cannot be combined to satisfy the jurisdictional amount.").

Moreover, under Maryland law, the amount sought in a complaint is binding, although amendments to complaints may be sought. Md. Rule 2-305 provides, in part, that:

> Unless otherwise required by law, (a) a demand for a money judgment that does not exceed $75,000 *shall include the amount of damages sought*, and (b) a demand for a money judgment that exceeds $75,000 shall not specify the amount sought, but shall include a general statement that the amount sought exceeds $75,000.

(emphasis added). The committee note explains:

> If the amount sought exceeds $75,000, a general statement to that effect is necessary in order to determine if the case may be removed to a federal court based on diversity of citizenship. *See* 28 U.S.C. 1332. A specific dollar amount must be given when the damages sought are less than or equal to $75,000 because the dollar amount is relevant to determining whether the amount is sufficient for circuit court jurisdiction or a jury trial.

Under Maryland practice, a party may not obtain more than the amount sought in a complaint. *See Falcinelli v. Cardascia*, 339 Md. 414, 423 (1995) ("Defendant is quite correct in asserting that Maryland case law has uniformly treated the ad damnum as a limitation on recovery."); *Scher v. Altomare*, 278 Md. 440, 442 (1976) ("Of course, the recovery, if any, by the plaintiff cannot exceed in nature or amount either the damage proved or

7

the sum claimed in the *ad damnum*, whichever is the lesser."); *Bijou v. Young-Battle*, 185 Md.App. 268, 290-91 (2009) ("[A]s a general rule, a circuit court, in the absence of an amendment to the *ad damnum*, commits error by not reducing the judgment to the amount of the *ad damnum* when the defendant moves for remittitur that directly attacks that part of the judgment in excess of the *ad damnum*."). A complaint may, however, be amended during the course of litigation. Md. Rule 2-341(a) provides:

> Without Leave of Court. A party may file an amendment to a pleading without leave of court by the date set forth in a scheduling order or, if there is no scheduling order, no later than 30 days before a scheduled trial date. Within 15 days after service of an amendment, any other party to the action may file a motion to strike setting forth reasons why the court should not allow the amendment.

The committee note specifies: "The court may grant leave to amend the amount sought in a demand for a money judgment after a jury verdict is returned. *See Falcinelli v. Cardascia*, 339 Md. 414 (1995)."

Accordingly, the State practice *permits* demand for a specific sum; indeed, Maryland *requires* that a demand for a money judgment that does not exceed $75,000 include the amount of damages sought. Secondly, it is not Maryland's practice

8

automatically to "permit[] recovery of damages in excess of the amount demanded."  28 U.S.C. § 1446(c)(2)(A)(ii).  Instead, allowing amendment to the complaint asserting damages in excess of the amount initially sought is within the control of the trial court, even when sought within the time specified.  Given that Plaintiffs have insisted that only $30,000 is sought by each, and have resisted removal on that basis, any later request to amend likely will be disfavored.  Courts interpreting 28 U.S.C. § 1446(c)(2) have found that the State practice permitted recovery of damages in excess of the amount demanded in the complaint where the state practice allowed relief even if the party had not demanded that relief in its pleadings.  *See, e.g., Butler*, 2012 WL 5362974, at *3 ("Still, Kansas law also recognizes that a final judgment, other than a default judgment, 'should grant relief to which each party is entitled, even if the party has not demanded that relief in its pleadings.'" (*citing* K.S.A. 60-254(c))); *Harris v. Aghababaei*, ---F.Supp.3d----, 2015 WL 350784, at *3 (M.D.Ala. Jan. 28, 2015) ("Alabama also permits recovery of damages exceeding the amount claimed in the *ad damnum* clause.  (*citing* Ala.R.Civ.P. 54(c)));[1] *Wilt v.*

---

[1] Ala.R.Civ.P. 54(c) states: "[E]very final judgment shall grant the relief to which the party in whose favor it is

*Depositors Ins. Co.*, No. 6:-13-cv-1502-Orl-36KRS, 2013 WL 6195768, at *6 n.6 (M.D.Fla Nov. 26, 2013) (stating that "Florida law allows plaintiffs to recover damages in excess of the amount demanded in a complaint" and relying on a case that affirmed jury verdict in excess of the amount demanded in the complaint).

In any event, removal "is proper on the basis of an amount in controversy asserted" in the notice of removal by a defendant only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)[,]" which is not the case here. 28 U.S.C. § 1446(c)(2)(B). The Supreme Court of the United States explained *in Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014):

> This provision, added to § 1446 as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (JVCA), clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged. In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied. . . . In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation

---

rendered is entitled, even if the party has not demanded such relief in the party's pleadings."

> that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(V) only when the plaintiff contests, or the court questions, the defendant's allegation.

The statutory amendments clarify that "defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met," but when the amount in controversy is disputed "the district court must make findings of jurisdictional fact to which the preponderance standard applies." *Dart Cherokee*, 135 S.Ct. at 554 (*quoting* H.R.Rep. No. 112-10, at 16 (2011)). "When federal jurisdiction is invoked by the filing of a notice of removal, it is the defendant who bears 'the burden of demonstrating by competent proof that the complete-diversity and amount-in-controversy requirements are met.'" *Heartland-Mt. Airy of Cincinnati Oh, LLC v. Johnson*, No. 1:15-cv-86, 2015 WL 667682, at *2 (S.D.Ohio Feb. 17, 2015) (*quoting Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008); *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th

11

Cir. 2005) (noting that because removal raises "significant federalism concerns," the removal statutes must be strictly construed, and all doubts must be resolved in favor of remanding the case to state court).

Before the JVCA, the Tenth Circuit utilized a preponderance of the evidence approach, consistent with the standard in § 1446(c)(2)(B):

> the removing defendant, as proponent of federal jurisdiction, must establish what the plaintiff stands to recover. We have suggested several ways in which this may be done – by contentions, interrogatories or admissions in state court, by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands. The list is not exclusive; any given proponent of federal jurisdiction may find a better way to establish what the controversy between the parties amounts to, and this demonstration may be made from either side's viewpoint.

*McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008).

Here, Defendant relies on the allegations in the complaint that Plaintiffs "suffered multiple personal injuries, related damages and expenses, including but not limited to, multiple bed bug bites about [the child's] body, pain, suffering, extreme

12

emotional distress, mental anguish, extreme inconvenience, temporary disability, medical expenses, lost time from daily activity, including employment, and other damages." (*See* ECF No. 2, at 4, 6; ECF No. 12, at 3). Defendant also contends that "[a]n investigation into past verdicts in Maryland also reflects that verdicts in bed bug cases can easily exceed $75,000." (ECF No. 12, at 3). Although Defendant reiterates the allegations in the complaint regarding personal injuries purportedly caused by the bedbugs – including temporary disability, medical expenses, and extreme emotional distress – it provides no *evidence* to suggest that the damages for each plaintiff here would exceed $75,000. *See, e.g., Butler*, 2012 WL 5362974, at *3 ("The defendant offers nothing from which the court would infer that these injuries, the expected medical treatment, the associated emotional distress and lost wages are of such seriousness here that the total amount of monetary damages would be likely to exceed $75,000.00. . . . While the plaintiffs' pleading of claimed damages may not be binding under § 1446(c)(2), nor is the defendant's conclusory assertion binding particularly in light of the required preponderance standard."). Notably, much like in *Butler*, Defendant here "offers no reasonable estimates for any of the likely categories of damages and costs

13

recoverable" in *this* specific case. *Id.* Instead, Defendant conjectures about a potential recovery here by producing docket sheets from cases litigated in the Circuit Court for Anne Arundel County where recoveries for claims purportedly involving bedbug infestation exceeded $75,000. (See ECF Nos. 12-2 & 12-3). Aside from providing the docket sheets, Defendant has provided no additional details about those cases or analogized them to the facts here. More importantly, evidence of other awards in bedbug infestation cases does not provide evidence of what Plaintiffs likely will recover here. To allow removal of this case based on Defendant's speculation as to a possible final damage award would eviscerate the amount in controversy requirement.

Accordingly, the motion to remand filed by Plaintiffs will be granted by separate order.

```
                              /s/
                    _____
                    DEBORAH K. CHASANOW
                    United States District Judge
```